**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CARLOS ANTONIO BAIRES, | No. 16-73039 |
| Petitioner, | Agency No. A092-370-994 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022<sup>**</sup>

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Carlos Antonio Baires, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law, including whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We dismiss in part and deny in part the petition for review.

In his opening brief, Baires does not contend the BIA erred in its dispositive conclusion that he waived any challenge to the IJ's denial of his asylum application as untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). We lack jurisdiction to consider Baires's contentions as to the merits of his asylum claim because he did not raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Baires's asylum claim fails.

Substantial evidence supports the agency's determination that Baires failed to establish his proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in

concluding that Baires did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent Baires raises a new proposed social group in his opening brief, we lack jurisdiction to consider it. *See Barron*, 358 F.3d at 677-78. Thus, Baires's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Baires failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Baires's contention that the BIA erred in its CAT analysis.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**